SEYFARTH SHAW LLP
Candace Bertoldi (SBN 254725)
cbertoldi@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Tara Mirchandani (SBN 340477)
tmirchandani@seyfarth.com
Clara L. Rademacher (SBN 355494)
crademacher@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS,
erroneously sued as KAISER FOUNDATION
HOSPITALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISA MOX, an individual;<br><br>Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE; KAISER FOUNDATION HOSPITALS, INC.; MARY ELLEN CLARK, an individual; CARMEN FERRELL, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT KAISER FOUNDATION HOSPITALS' NOTICE OF REMOVAL**<br><br>[Orange County Superior Court, Case No. Case No. 30-2024-01444075-CU-WT-WJC]<br><br>[*Filed Concurrently with Declaration of Christian J. Rowley in Support of Notice of Removal; Declaration of Jeremy Lyon In Support of Notice of Removal; Civil Cover Sheet; Notice of Interested Parties or Entities; and Corporate Disclosure Statement*]<br><br>Date Action Filed: December 2, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant KAISER FOUNDATION HOSPITALS ("Defendant" or "KFH") hereby removes to this Court the above-captioned matter from the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District, pursuant to 28 U.S.C. §§ 1331, 1441, and 1445. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331, because it arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

## I. PROCEDURAL BACKGROUND

1. On December 2, 2024, Plaintiff Marisa Mox ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Orange, entitled "*Marisa Mox, Plaintiff, v. Kaiser Permanente, Kaiser Foundation Hospitals, Inc., Mary Ellen Clark, Carmen Ferrell and DOES 1-20, Defendants.*" Case No. 30-2024-01444075-CU-WT-WJC (the "Complaint" or "Compl."). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Christian J. Rowley in Support of Defendant's Notice of Removal ("Rowley Decl."). (Rowley Decl., ¶ 2, Ex. A).

2. On April 28, 2025, Plaintiff served the Summons, Complaint, Notice of Case Management Conference, Civil Case Cover Sheet, and filed Complaint on Defendant's agent for service of process. A true and correct copy of the service packet received by Defendant is attached as **Exhibit B** to the Rowley Decl. ¶ 3, Ex. B.

3. The Complaint alleges twelve causes of action for: (1) Discrimination in Violation of FEHA; (2) Harassment in Violation of FEHA; (3) Retaliation in Violation of FEHA; (4) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA; (5) Failure to Provide Reasonable Accommodations in Violation of FEHA; (6) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA; (7) Defamation; (8) Defamation per se; (9) Whistle-Blowing; (10) Wrongful Termination in

Violation of Public Policy; (11) Breach of Written Contract; and (12) Intentional Infliction of Emotional Distress.

4. On May 5, 2025, Plaintiff served the Summons, Complaint, Notice of Case Management Conference, Civil Case Cover Sheet, and filed Complaint on Defendant Mary Ellen Clark. Plaintiff has not yet served Defendant Carmen Ferrell. Plaintiff names "Kaiser Permanente" as a Defendant. However, Kaiser Permanente is not a legal entity, and thus has not been served.

5. Defendant has not filed or received any other pleadings or papers in this action, other than the pleadings included as **Exhibits A through B**. (*See* Rowley Decl. ¶ 4).

## II.   REMOVAL IS TIMELY

6. The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

7. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.") Kaiser's 30-day time limit to remove is triggered by Plaintiff's service of Summons and the Complaint on April 28, 2025. *See Murphy Bros, Inc.*, 526 U.S. at 347-48 (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint.") Thirty days from the service of the Summons and Complaint on April 28, 2025 is May 28, 2025.

8. This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint by personal service on Defendant on April 28, 2025. *See* 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed completed at the time of such delivery.").

## III. FEDERAL QUESTION JURISDICTION BASED ON THE LABOR MANAGEMENT RELATIONS ACT

9. Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). This action may be removed to this Court by Defendant under 28 U.S.C. section 1441(b) because it arises under the LMRA, Section 301, codified at 29 U.S.C. Section 185 *et seq.*

10. Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A collective bargaining agreement ("CBA") is such a contract, and Section 301 preempts all state-law claims "founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim [1] based on a collective bargaining agreement, and [2] any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). Where a right asserted is rooted in a CBA, the claim must be either treated as a Section 301 claim or dismissed as preempted by federal law. *See Allis-Chalmers Corps. v. Lueck*, 471 U.S. 202, 220 (1985); *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) (state law claims seeking to enforce the terms of a CBA are preempted).

11. The Ninth Circuit has established that the LMRA preempts claims asserted under state law in two independent ways. First, if the claim involves a right that exists because of the CBA rather than state law, the "claim is preempted and [the court's] analysis ends there." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). Second, if the claim requires the Court to interpret the CBA or is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted, even if it is ostensibly based on state law. *See Burnside*, 491 F.3d at 1059; *Curtis*, 913 F.3d at 1152.

12. This case is preempted by the LMRA for the following reasons: (1) Plaintiff's employment is governed by a CBA; (2) her Breach of Contract cause of action, the 11th Cause of Action, is expressly premised on Kaiser's alleged breach of the CBA (alleging that KFH "*did not abide by the Union Contract*," governing her employment. (Compl. ¶ 116 *(emphasis added)*); and separately (3) adjudication of Plaintiff's FEHA and whistleblower retaliation claims, and breach of contract claim also require interpretation of the CBA; and in addition (4) Kaiser's defenses also require interpretation of the CBA.

### A. Plaintiff's Employment Was Governed By a Collective Bargaining Agreement

13. Plaintiff's employment with KFH was at all relevant times governed by a Collective Bargaining Agreement ("CBA") between the United Nurses Associations of California ("UNAC" or the "Union"), KFH, and Southern California Permanente Medical Group ("SCPMG"). (Declaration of Jeremy Lyon in Support of Defendant's Notice of Removal ("Lyon Decl.") ¶ 3)). The CBA in effect when Plaintiff was hired in June 2018 was effective until September 30, 2018. (*See* Lyon Dec. ¶ 4, Ex. A). A new version became effective October 1, 2018 and was effective through September 30, 2021. (*See* Lyon Dec. ¶ 5, Ex. B). A third version became effective October 1, 2021 and remained in effect until Plaintiff's termination. (*See* Lyon Dec. ¶ 6, Ex. C).

14. Plaintiff acknowledges that her employment was governed by a CBA. Specifically, Plaintiff asserts that she "had a collective bargaining agreement with the Kaiser Defendants," and that "[s]aid Collective bargaining Agreement, Union Contract was in writing." (Compl. ¶ 111-112).

### B. Plaintiff Claims An Express Breach of the Collective Bargaining Agreement and Federal Courts Have Jurisdiction Over Such Claims

15. Plaintiff's breach of contract claim is subject to federal jurisdiction and preempted by Section 301 because it is squarely premised on Defendant's alleged failure to comply with the CBA. Federal courts have jurisdiction over claims under the LMRA for breaches of collective bargaining agreements. LMRA § 301, codified at 29 U.S.C. § 185 ("Section 301"); *see, e.g.*, *K.V. Mart Co. v. UFCW Local 324*, 173 F.3d 1221, 1223-1225 (9th Cir. 1999). More specifically, Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); *see also Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) ("Section 301 . . . creates a federal cause of action for beach of collective bargaining agreements"). In short, any claim based on the violation of a collective bargaining agreement is subject to federal jurisdiction. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1992) (Section 301 preempts claims "founded directly on rights created by collective bargaining agreements").

16. Plaintiff *expressly* asserts as her basis for Count 11 that KFH breached the parties' CBA by claiming that, "Defendant Kaiser did not abide by the Union Contract." (Compl. ¶ 116). *See e.g., Thibodeaux v. Bay Area Bldg. Material Teamsters, Local 853*, No. 17-cv-00188-MEJ, 2017 WL 1493280, at *6 (N.D. Cal. Apr. 26, 2017) (holding that Plaintiff's claims were preempted by Section 301 of the LMRA where Plaintiff alleged breach of the CBA's terms on the face of the complaint).

17. Because the Complaint explicitly alleges that Defendant did not abide by CBA, this Court has jurisdiction over this case pursuant to Section 301, and removal is proper. *Miller*, 850 F.2d at 545 ("Federal laws govern suits brought for beach of a collective bargaining agreement, even if brought in state court"); 29 U.S.C. § 185(a).

### C. Removal Is Also Proper Because the Collective Bargaining Agreement Must Be Interpreted to Adjudicate Liability as to Several of the Claims

18. Section 301 also preempts state-law claims "that are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). In other words, any state claim may be removed if the court must interpret the parties' collective bargaining agreement to resolve the dispute between a Plaintiff and Defendant regarding Plaintiff's causes of action. *Metropolitan Life, Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987); *Adkins v. Mireles*, 256 F.3d 531, 534 (9th Cir. 2008) (Section 301 preempts state law claims that require a resolution of the meaning of a CBA); *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F. 2d 993, 997-98 (9th Cir. 1987) (Section 301 preemption supplants state claim with federal claim); *Greenly v. Sara Lee Corp.*, No. CIV S-06-1775 WBS EFB, 2008 WL 1925230, at *21 (E.D. Cal. Apr. 30, 2008) ("The United States Supreme Court has articulated that 'where the right [at issue in the lawsuit] is created by state law [but the application of state law] requires the interpretation of a [CBA],'" state law claims are preempted by Section 301).

19. Here, several of Plaintiff's claims are "substantially dependent upon analysis" of the CBAs governing Plaintiff's employment, and thus under Section 301 are preempted and subject to removal. *Allis-Chalmers Corp.*, 471 U.S. at 211.

20. Plaintiff's Third Cause of Action (for FEHA retaliation) is premised on the alleged complaints she raised about Defendant's failure to adhere to the Float Policy and Overtime Policy — policies which are discussed in detail in the CBA (*See* Lyon Dec. ¶4-6, Ex. A, pg. 9-10, 15-17, 26-29, 47-48; Ex. B, pg. 7-8, 12-13, 20-21, 30-34, 49-50; and Ex. C, pg. 7-8, 12-13, 20-21, 30-33, 49-50). Specifically, Plaintiff claims that:

- She questioned and complained to her supervisors that the Float Policy was not being followed and nurses were not being floated properly. (Compl. ¶ 10).
- Thereafter, she was retaliated against as she suffered an adverse employment action via an unfounded write-up, which extended her probation. (Compl. ¶ 10).
- She complained to the Human Resources ("HR") Director about having been singled out, bullied, harassed, retaliated against, and discriminated against for complaining that Kaiser was not floating nurses properly. (Compl. ¶ 11).
- After she complained to HR, Defendant continually retaliated against her by writing her up for things that were untrue. (Compl. ¶ 12).
- She was further retaliated against and discriminated against when she was intentionally not given notice of overtime shifts. (Compl. ¶ 15).
- She complained that the overtime policy was not being followed and then was further harassed, discriminated against, and retaliated against. (Compl. ¶ 15).

Evaluating Plaintiff's FEHA retaliation claim clearly requires interpretation of the relevant portions of the CBA as her entire claim is based on her allegations that Defendant was inconsistently enforcing CBA policies.

21. Plaintiff's Ninth Cause of Action (for Whistle-blowing) also unquestionably implicates violations of the CBA. By alleging Defendant retaliated against her for raising concerns about violations of KFH's Float Policy, this again requires interpretation of the relevant portions of the CBA.

22. Not only does Plaintiff make an express claim for breach of the CBA, which provides grounds for removal regardless of any interpretation issues—but she further incorporates allegations that she (1) received an unfounded retaliatory write up-after complaining about the Float Policy, which extended her probationary period; (2) complained to the HR Director about having been singled out, bullied, harassed, retaliated and discriminated against for complaining that Defendant was not properly floating nurses; and (3) was further harassed, discriminated and retaliated against for complaining that *the Overtime Policy was not being followed*. (Compl. ¶ 10, 11, 15) (emphasis added).

23. In sum, Plaintiff's causes of action for FEHA retaliation, whistleblower retaliation, and breach of contact are based on Plaintiff's contention that Defendant breached the CBA. Therefore, the Court will necessarily need to analyze and interpret the CBA to determine whether Plaintiff's Third, Ninth, and Eleventh Causes of Action have any merit. Consequently, LMRA § 301 mandates removal here.

**D.  Defendant's Defenses Will Also Necessarily Require an Interpretation of the CBA**

24. Section 301 preemption applies even where an interpretation of the CBA is required to evaluate only the employer's defenses to a state law cause of action. *See Audette*, 195 F.3d at 1113 (civil rights claim preempted where interpretation of agreement was required in evaluating employer's *defense* that it had a legitimate non-business reason for its actions).

25. Here, any defenses Defendant pleads will necessarily require an interpretation of the CBA. In order for Defendant to defend the allegation that it retaliated against Plaintiff by intentionally failing to notify her of overtime shifts or issuing her an unfounded write-up, which extended her probation (for complaining about the Float Policy), it will have to point to the portions of the CBA that specify the conditions of floating nurses or being awarded such overtime as well as the rules governing grounds for discipline and probation. For example, Defendant could argue that it properly distributed

overtime shifts to employees, subject to their qualifications, on an equitable basis in order to comply with the terms of the CBA. Evaluating whether Plaintiff was properly notified of overtime shifts requires examining all of the relevant CBA provisions to see what standard is used to determine "qualifications," and "equitable" under the contract's terms.

26.     In short, Section 301 also preempts Plaintiff's state law claims and removal is proper because many of Defendant's defenses, as stated above, will necessarily require interpretation of the CBA.

### IV.     SUPPLEMENTAL JURISDICTION

27.     Plaintiff's Third, Ninth, and Eleventh Causes of Action are expressly based upon and substantially dependent upon the CBA that governed her employment, and thus arise under Section 301 of the LMRA, providing this Court with original federal subject matter jurisdiction.

28.     In addition, the Court may exercise supplemental jurisdiction over the other claims because they all arise from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). A plaintiff "may not escape federal labor law preemption by 'artfully' pleading their claims, avoiding references to preemptive federal law." *See Adkins, supra,* 526 F.3d. at 540 n.4 (citing *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988)).

29.     The remaining causes of action in the Complaint all pertain to Plaintiff's employment. They seek damages related to Plaintiff's allegations of discrimination, harassment, and failure to prevent the same, wrongful termination, failure to accommodate, failure to engage in the interactive process, defamation, and intentional infliction of emotional distress. These claims are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(A), in that they are sufficiently related to the Section 301 claim because they form part of the same case or controversy under Article III of the United States Constitution. *See Nelson v. Foster Poultry Farms*, No. 1:21–CV–00222–JLT–BAM, 2022 WL 970776, at *4 (E.D. Cal. Mar. 31, 2022)) ("It is unnecessary to determine whether Plaintiff's remaining claims are preempted. Those claims relate to the

same defendants and are grounded in Plaintiff's employment during the same period of time. Therefore, to the extent Plaintiff's remaining claims are not subject to preemption, supplemental jurisdiction over such claims would be appropriate."); *Bridget v. Telecare Corp.*, No. 2:19-cv-01224-AB-JC, 2019 WL 1931740, at *4 (C.D. Cal. May 1, 2019) ("The Court finds that Plaintiff's remaining claims are within the supplemental jurisdiction of this Court; *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014) ('[A] district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA.').

30. This action is thus removable in its entirety.

## V. VENUE LIES IN THE COURT

31. The County of Orange lies within the jurisdiction of the United States District Court, Central District of California.

32. Therefore, without waiving the Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

## VI. NOTICE OF REMOVAL

33. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiff, and file the written notice and a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange, in the State Court Action.

34. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

35. In compliance with 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A through B** to this Notice of Removal.

## VII. PRAYER FOR REMOVAL

36. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

DATED: May 28, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Tara Mirchandani
Christian J. Rowley
Candace Bertoldi
Tara Mirchandani
Clara L. Rademacher
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS